# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR L. NILES, | CASE NO. 1:10-cv-00236-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| FEDERAL BUREAU OF PRISONS, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Arthur L. Niles is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action was filed on February 12, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. <u>Iqbal</u>, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff is currently incarcerated at the United States Penitentiary in Atlanta, Georgia. The incidents alleged in the complaint occurred while Plaintiff was housed at the United States Penitentiary in Atwater, California. On May 31, 2008, Plaintiff was in protective custody in the Special Housing Unit. Defendant Robinson secured Plaintiff in handcuffs and took him downstairs to be shaved by the barber. Defendant Robinson then escorted inmate Bobby King, who was not restrained in handcuffs, to the holding cell where Plaintiff was waiting to be taken back to his unit. As soon as Defendant Robinson opened the door to the holding cell, inmate King "violently assaulted" Plaintiff. (Doc. 1, Comp., p. 5.)

As a result of the assault by inmate King, Plaintiff alleges he suffered a painful neck injury and great mental and emotional distress. (<u>Id.</u> at 6.) Plaintiff filed a claim for administrative settlement with United States Bureau of Prisons on May 20, 2009. No response had been received by November 25, 2009. (<u>Id.</u> at 6.)

Plaintiff alleges that inmate King was considered to be "unmanageable and dangerous." (<u>Id.</u> at 4-5.) Additionally, Defendants knew, or should have known, that inmate King "was dangerous and uncontrollable, and was subject to recurrent violent psychotic episodes." (<u>Id.</u> at 5.) Plaintiff brings this action against Defendants Federal Bureau of Prisons ("FBP"), Smith, Bell, Karge, and Robinson for negligence in failing to use sufficient security when escorting inmate King to the

holding cell which resulted in the assault on Plaintiff. Plaintiff is seeking damages of $50,000, costs, and other relief as the Court may deem just and proper. (Id. at 6.)

For the reasons stated below Plaintiff has failed to state a cognizable claim. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### III.  Discussion

#### A.  Bivens Action

Plaintiff is a prisoner in federal custody and is seeking relief pursuant to Bivens, which recognized a private action where federal officers are alleged to have violated the constitutional rights of citizens. Correctional Services Corporation v. Malesko, 534 U.S. 61, 66 (2001). A Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. See FDIC v. Meyer, 510 U.S. 471, 486 (1994). Although sovereign immunity does not bar damages actions against federal officials in their individual capacities, an individual may not be held liable in a Bivens action on the theory respondeat superior. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Plaintiff must plead that the official has violated the Constitution through his own individual actions. Iqbal, 129 S. Ct. at 1948. In other words, to state a claim for relief, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

#### 1.  Eighth Amendment Cruel and Unusual Punishment

Under Bivens, a plaintiff may bring suit against a federal employee alleging a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. Malesko, 534 U.S. at 67. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391

F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Deliberate indifference requires the prison official to act with a state of mind that is more than negligence. Farmer, 511 U.S. at 835. Prison officials may be held liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 498 U.S. 378, 389 (1989)). The plaintiff would have to show that:

> in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy makers . . . can reasonably be said to have been deliberately indifferent to the need.

Id. at 390.

Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969.

Plaintiff has alleged that Defendant Robinson acted negligently in escorting inmate King; negligence is not sufficient to state a claim for deliberate indifference. Farmer, 511 U.S. at 835. Additionally, Plaintiff has failed to state any act or failure to act by any other defendant, therefore he has failed to state a cognizable claim under the Eighth Amendment.

**B.    Federal Tort Claims Act**

Plaintiff seeks to hold the FBP liable for the negligence of its employees. (Doc. 1, Comp., p. 5.) The United States and its agencies are immune from suit absent a waiver of sovereign immunity. Meyer, 510 U.S. at 476. The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain torts committed by government employees. Delta Savings

Bank v. United States, 265 F.3d 1017, 1024 (9th Cir. 2001). This waiver includes "tort claims arising out of negligent conduct of government employees acting within the scope of their employment," Terbush v. United States, 516 F.3d 1125, 1128-29 (9th Cir. 2008), if the United States, *as a private person*, would be liable to the plaintiff under California tort law, United States v. Olson, 126 S. Ct. 510, 511 (2005); Delta Savings Bank, 265 F.3d at 1025. Any duty owed to the plaintiff by the United States "must be found in California state tort law." Delta Saving Banks, 265 F.3d at 1025.

Plaintiff has brought this action naming the BOP and individual employees of BOP. "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Under the FTCA the only proper party defendant is the United States. Kennedy v. United States Postal Office, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). A claim against a federal agency is not a claim against the United States. Id.

### C. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ." "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). If the Court has original jurisdiction over Plaintiff's claim there would be supplemental jurisdiction for any state law claims alleged in the complaint.

#### 1. California Tort Claims Act

The Court would apply California law to a negligence claim brought by Plaintiff. The California Torts Claims Act ("CTCA") establishes that a public entity is liable for injuries "caused by an act or omission of an employee of a public entity within the scope of his or her employment, if the act or omission would have given rise to a cause of action against the employee. . . ." Becerra v. Gonzales, 32 Cal.App.4th 584, 591 (Ct. App. 1995).

Under California law a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2009). "The

5

elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care."[1] Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct.App. 2009).

Plaintiff alleges that Defendants "had a duty to reasonably protect inmates incarcerated by [D]efendant from injuries or damage caused by other inmates." (Doc. 1, Comp., p. 4.) A jailer has a special relationship with a prisoner that creates a duty of care. Lawson v. Superior Court, 180 Cal.App.4th 1372, 1389 (Ct. App. 2010). Additionally, Defendant Robinson is alleged to have acted negligently by failing to properly restrain inmate King while escorting him to the holding cell, who he knew or should have known was unmanageable and dangerous. Plaintiff was attacked by inmate King because King was not properly restrained. In the attack Plaintiff suffered a painful neck injury, and emotional and mental distress. These allegations would be sufficient to state a negligence claim under California law against Defendant Robinson, but are insufficient as to any other named Defendant.

### D. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)). To bring a suit under Bivens, Plaintiff would be required to complete the administrative review process in accordance with the applicable rules at the prison.

---

[1] "[I]n an action under the FTCA, a court must apply the law the state courts would apply in the analogous tort action, including federal law." Goodman v. United States, 298 F.3d 1048, 1054, fn 6 (2002) (quoting Rhoden v. United States, 55 F.3d 428, 431 (9th Cir. 1995).

A suit may not be instituted under the FTCA unless the claim is first presented to the appropriate federal agency and the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). Where the claim requirement is not met the Court must dismiss the claim for lack of subject matter jurisdiction. Goodman v. United States, 298 F.3d 1048, 1054-55 (2002). Plaintiff appears to have met the exhaustion requirement for an FTCA claim as he alleges he filed a claim for administrative settlement with the United States Bureau of Prisons on May 20, 2009, and did not receive a response within six months.

The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120.

## IV.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his federal rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed February 12, 2010, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.   IT IS SO ORDERED. 612e7d

Dated:   October 22, 2010

UNITED STATES MAGISTRATE JUDGE