# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR L. NILES, | CASE NO. 1:10-cv-00236-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| FEDERAL BUREAU OF PRISONS, et al., | (Doc. 8) |
| Defendants. | |

## I.   Procedural History

Plaintiff Arthur L. Niles ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  Plaintiff filed his original complaint on February 12, 2010.  Doc. 1.  On October 25, 2010, the Court dismissed the action with leave to amend.  Doc. 7.  On November 8, 2010, Plaintiff filed a first amended complaint, which is currently before the Court.  Doc. 8.

## II.   Screening

### A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6  "'Under § 1915A, when determining whether a complaint states a claim, a court must accept
7  as true all allegations of material fact and must construe those facts in the light most favorable to the
8  plaintiff.'" *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden*
9  *Hayes*, 213 F.3d 443, 447 (9th Cir.2000). "'Additionally, in general, courts must construe pro se
10 pleadings liberally.'" *Id.* A complaint, or portion thereof, should only be dismissed for failure to
11 state a claim upon which relief may be granted "if it is clear that no relief could be granted under any
12 set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*,
13 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue*
14 *v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896,
15 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the
16 allegations of the complaint in question, and construe the pleading in the light most favorable to the
17 plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22
18 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

19 **B.     Plaintiff's Complaint**

20 Plaintiff is currently incarcerated at the Federal Correctional Institution (FCI) McDowell in
21 Welch, West Virginia. Doc. 11. The incidents alleged in the complaint occurred while Plaintiff was
22 housed at the United States Penitentiary in Atwater, California. Doc. 8. On May 31, 2008, Plaintiff
23 was in protective custody in the Special Housing Unit. Defendant Robinson secured Plaintiff in
24 handcuffs and took him downstairs to be shaved by the barber. Doc. 8 at 5-6. Defendant Robinson
25 then escorted inmate Bobby King, who was not restrained in handcuffs, to the holding cell where
26 Plaintiff was waiting to be taken back to his unit. Doc. 8 at 6. As soon as Defendant Robinson
27 opened the door to the holding cell, inmate King "violently assaulted" Plaintiff. Doc. 8 at 5.
28 As a result of the assault by inmate King, Plaintiff alleges he suffered a painful neck injury

and great mental and emotional distress. Doc. 8 at 5.

Plaintiff alleges that Defendant Robinson knew or should have known that inmate King was "dangerous, uncontrollable, and was subject to recurrent violent psychotic episodes." Doc. 8 at 5.

### C.     *Bivens* Action

Plaintiff is a prisoner in federal custody and is seeking relief pursuant to *Bivens*, which recognized a private action where federal officers are alleged to have violated the constitutional rights of citizens. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001). A *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Although sovereign immunity does not bar damages actions against federal officials in their individual capacities, an individual may not be held liable in a *Bivens* action on the theory respondeat superior. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Plaintiff must plead that the official has violated the Constitution through his own individual actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). In other words, to state a claim for relief, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D.     **Eighth Amendment-Failure to Protect**

Under *Bivens*, a plaintiff may bring suit against a federal employee alleging a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Malesko*, 534 U.S. at 67. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Id.* at 833; *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm

to the plaintiff. *E.g., Farmer* at 847; *Hearns* at 1040.

In order to constitute "deliberate indifference," the prison official (1) must have subjective knowledge of the risk of serious harm, and (2) must nevertheless fail to reasonably respond to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837-38. "In order to be actionable under section 1983 . . . more than an isolated incident of negligent failure to protect must be alleged." *Williams v. Field*, 416 F.2d 483, 485 (9th Cir. 1969); *see e.g.*, *Farmer* at 847 (applying deliberate indifference standard to Eighth Amendment failure to protect claim). Negligent failure to protect does not state a Fourteenth Amendment Due Process claim. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Plaintiff reiterates the same allegations with minor changes to omit some of the originally named defendants. *Compare* Doc. 1 *with* Doc. 8. As with the Court's prior screening order, the essential issue before the Court is whether Defendant's failure to follow certain procedures to prevent another inmate from attacking Plaintiff amounts to deliberate indifference. The Court finds that Defendant's failure to ensure that another inmate was handcuffed and restrained may be negligent, but does not amount to deliberate indifference. *See Davidson v. Cannon*, 474 U.S. 344, 347-48; *Adames v. Perez*, 331 F.3d 508, 512-14 (5th Cir. 2003) (finding that claim of prison officials not following standard safety procedure amounted to negligence and did not demonstrate deliberate indifference). As Plaintiff has not alleged that Defendant Robinson had knowledge that inmate King posed a specific threat to Plaintiff, Defendant was not deliberately indifferent to Plaintiff's safety. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

### E.     Federal Tort Claims Act

Plaintiff seeks to hold the FBP liable for the negligence of its employees. (Doc. 1, Comp., p. 5.) The United States and its agencies are immune from suit absent a waiver of sovereign immunity. *Meyer*, 510 U.S. at 476. The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain torts committed by government employees. *Delta SavingsBank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001). This waiver includes "tort claims arising out of negligent conduct of government employees acting within the scope of their employment," *Terbush v. United States*, 516 F.3d 1125, 1128-29 (9th Cir. 2008), if the United

States, as a private person, would be liable to the plaintiff under California tort law, *United States v. Olson*, 126 S. Ct. 510, 511 (2005); *Delta Savings Bank*, 265 F.3d at 1025. Any duty owed to the plaintiff by the United States "must be found in California state tort law." *Delta Saving Banks*, 265 F.3d at 1025.

Plaintiff has brought this action naming an individual employee of BOP. "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Under the FTCA the only proper party defendant is the United States. *Kennedy v. United States Postal Office*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). A claim against a federal agency or an employee of a federal agency is not a claim against the United States. *Id.* Therefore, Plaintiff fails to state a claim against Defendant Robinson under the FTCA.

### F.  Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ." "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). If the Court has original jurisdiction over Plaintiff's claim there would be supplemental jurisdiction for any state law claims alleged in the complaint.

Given that Plaintiff has failed to state an federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### III.  Conclusion and Order

The Court finds that Plaintiff's First Amended Complaint filed on November 8, 2010, fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all

1 possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.
2 2000) (internal citations omitted).  However, in this action, Plaintiff filed an amended complaint and
3 received substantial guidance from the Court in its initial screening order.  Doc. 7.  The Court finds
4
5 that the deficiencies outlined above are not capable of being cured by amendment, and therefore
6 orders that further leave to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).
7     Accordingly, the Court HEREBY ORDERS that this action be DISMISSED in its entirety,
8 WITH PREJUDICE, for failure to state a claim upon which relief may be granted.
9
10
11 IT IS SO ORDERED.
12 Dated:   July 18, 2012
13                                                     UNITED STATES MAGISTRATE JUDGE